Mary Jo O'Neill, AZ Bar No. 005924
Rita Byrnes Kittle, CO Bar No. 17871
Meenoo Chahbazi, DC Bar No. 494651
Guy Knoller, AZ Bar No. 002803
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5061
Email:  meenoo.chahbazi@eeoc.gov
            guy.knoller@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br><br> vs. <br><br> TOG Enterprises, Inc. d/b/a Four Points by Sheraton, TOG Hotel Properties d/b/a Four Points by Sheraton, RR TOG, L.P. d/b/a Four Points by Sheraton, and RR TOG II, LLC d/b/a Four Points by Sheraton <br><br> Defendant. | Case No. CV 10-1230 PHX <br><br> Complaint <br><br><br> (Jury Demand) |

## NATURE OF THE ACTION

This is a public enforcement action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of national origin and to provide appropriate relief to Charging Party, Basil Massih, who was adversely affected by such practices.  Defendants, TOG Enterprises, Inc. d/b/a Four Points by Sheraton, TOG Hotel Properties d/b/a Four Points by Sheraton, RR TOG, L.P. d/b/a Four Points by Sheraton, and RR TOG II, LLC d/b/a Four Points by Sheraton (collectively referred to as "Defendants" or "Four Points") discriminated against Charging Party because of his national origin, Iraqi (Arab, Middle Eastern), by subjecting him to national origin harassment, by failing to take prompt

remedial action intended to eliminate the harassment, and by constructively discharging his employment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

3. More than thirty days prior to the institution of this lawsuit, Basil Massih filed a charge with the Commission alleging violations of Title VII by Defendants.

4. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant TOG Enterprises, Inc., has continuously been a corporation doing business in the State of Arizona, and has continuously had at least 15 employees.

7. At all relevant times, Defendant TOG Hotel Properties, has continuously been a corporation doing business in the State of Arizona, and has continuously had at least 15 employees.

8. At all relevant times, Defendant RR TOG, L.P. has continuously been a corporation doing business in the State of Arizona, and has continuously had at least 15 employees.

9. At all relevant times, Defendant RR TOG II, LLC has continuously been a corporation doing business in the State of Arizona, and has continuously had at least 15 employees.

10. At all relevant times, Defendant TOG Enterprises, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11. At all relevant times, Defendant TOG Hotel Properties, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

12. At all relevant times, Defendant RR TOG, L.P. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

13. At all relevant times, Defendant RR TOG II, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONCILIATION

14. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII Section 706(b).

## GENERAL ALLEGATIONS

15. In approximately 2003, Basil Massih began working as an executive chef at Four Points by Sheraton, Phoenix Metrocenter, also known as Four Points by Sheraton Phoenix North.

16. Since approximately January 2005, Defendants have owned and operated the Four Points by Sheraton, Phoenix Metrocenter, where Mr. Massih was employed.

17. Beginning in approximately late 2005 or early 2006, Mr. Massih was subjected to a hostile work environment because of his national origin, Iraqi (Arab, Middle Eastern), while employed at Four Points.

18. The national origin harassment included ethnic slurs, and offensive comments and conduct relating to Mr. Massih's place of origin and the physical, cultural or linguistic characteristics of his national origin group.

19. The hostile work environment included but was not limited to harassment by Banquet Captain Larry Shore.

20. As Banquet Captain, Mr. Shore worked as a supervisor for Defendants.

21. Shore's harassment of Mr. Massih included, without limitation, the following:

    a. mimicking Mr. Massih's accent while repeating Mr. Massih's responses to questions;

    b. calling Mr. Massih derogatory ethnic slurs such as "camel jockey;"

    c. making offensive noises when he passed by Mr. Massih such as mocking the sound of Iraqi (Arab, Middle Eastern) ululations;

    d. taunting and jeering at Mr. Massih with references to news stories relating to Iraq and the capture of terrorists;

    e. questioning Mr. Massih's patriotism by, for example, asking Mr. Massih why he did not hold demonstrations across the street against terrorism;

    f. chanting "cheeseburger, cheeseburger" at Mr. Massih in reference to a television skit relating to immigrants with accents;

    g. asking Mr. Massih whether they drink "camel tea" in Iraq;

    h. making violent references to killing, kicking and/or harming Arabs;

    i. writing the word "Chef" and/or causing the word "Chef" to be written on the chalkboard with a drawing of a pig underneath it;

    j. making other offensive comments relating to Mr. Massih's national origin, including ethnic slurs and/or offensive comments about Mr.

      Massih's place of origin or the physical, cultural or linguistic characteristics of his national origin group.

  k. engaging in other offensive conduct relating to Mr. Massih's national origin, including offensive conduct directed at Mr. Massih's ethnicity, place of origin or the physical, cultural or linguistic characteristics of his national origin group.

22. Shore additionally motivated other banquet servers such as Andres Mola and Sandra Savage to participate in harassing Mr. Massih and mimicking and mocking Mr. Massih's accent.

23. The national origin harassment to which Mr. Massih was subjected while employed at Four Points occurred on a daily basis on the days when Mr. Massih and Mr. Shore worked together.

24. Mr. Massih complained about this harassment to many managers and supervisors, including, but not limited to, the following:

  a. Vice President Ron Ganjifard,

  b. Food and Beverage Manager Jeff Moore

  c. Banquet Manager Juan Wong,

  d. General Manager David Croughan, and

  e. General Manager Brent De Nardo.

25. Management witnessed one or more of the incidents of harassment set forth in paragraph 21.

26. Four Points failed to take effective, remedial action to prevent the harassment from continuing to occur.

27. Following one of Mr. Massih's complaints to General Manager, David Croughan, the harassment abated for a brief period but then continued to occur again.

28. Mr. Massih continued to complain about the harassment to supervisors and managers, including but not limited to, Brent De Nardo and Juan Wong.

29. Four Points took no effective remedial action to stop the workplace harassment of Mr. Massih.

30. The harassment continued to occur until October 2006, when Mr. Massih felt compelled to resign because of the intolerable working conditions he was subjected to as a result of the harassment.

### FIRST CLAIM FOR RELIEF

(National Origin Harassment)

31. Plaintiff realleges the foregoing paragraphs of this Complaint herein.

32. The workplace harassment directed at Mr. Massih was sufficiently severe or pervasive to alter the terms and conditions of his employment at Four Points.

33. The workplace harassment directed at Mr. Massih was because of his national origin, Iraqi (Arab, Middle Eastern), including his place of origin and the physical, cultural or linguistic characteristics of his national origin group.

34. The workplace harassment directed at Mr. Massih created a hostile work environment based on national origin, Iraqi (Arab, Middle Eastern).

35. Four Points knew or should have known of the workplace harassment directed at Mr. Massih.

36. Four Points failed to take reasonable measures to prevent and promptly correct national origin harassment in the workplace.

37. The effect of the events described above, including the workplace harassment directed at Mr. Massih and Four Points' failure to promptly and adequately respond to Mr. Massih's complaints of national origin harassment, has been to deprive Mr. Massih of equal employment opportunities.

38. The unlawful employment practices described above were intentional.

39. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Mr. Massih.

### SECOND CLAIM FOR RELIEF

(Constructive Discharge)

40. Plaintiff realleges the foregoing paragraphs of this Complaint herein.

-6-

41. Four Points allowed the national origin harassment of Mr. Massih to continue and escalate during the time he was employed at Four Points.

42. After Mr. Massih complained about the national origin harassment, Defendants allowed the harassment to continue and to escalate.

43. The conditions of employment that Mr. Massih was subjected to were intolerable.

44. By allowing the continued workplace harassment, Defendants forced Mr. Massih to resign his employment.

45. The effect of the practices complained of in the paragraphs above has been to deprive Mr. Massih of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Iraqi (Arab, Middle Eastern).

46. The unlawful employment practices described above were intentional.

47. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Mr. Massih.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment policy or practice which creates a hostile work environment based on national origin or otherwise discriminates on the basis of national origin.

B. Order Defendants to institute and carry out policies, practices, and programs which prohibit racial and ethnic harassment in the workplace, provide equal employment opportunities for employees regardless of their national origin, and eradicate the effects of past and unlawful employment practices;

C. Order Defendants to make whole Mr. Massih by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to rightful-place reinstatement of Mr. Massih or, alternatively, front pay.

D.  Order Defendants to make whole Mr. Massih by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, job search and relocation expenses, in amounts to be determined at trial;

E.  Order Defendants to make whole Mr. Massih by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

F.  Order Defendants to pay Charging Party punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial;

G.  Order Defendants and their successors to provide training to officers, managers, and employees regarding discriminatory national origin harassment and unlawful retaliation in the workplace;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 9th day of June, 2010.

> P.  DAVID LOPEZ
> General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> s/ Mary Jo O'Neill
> MARY JO O'NEILL
> Regional Attorney
>
> s/ Rita Byrnes Kittle
> RITA BYRNES KITTLE
> Supervisory Trial Attorney

                    <u>s/ Meenoo Chahbazi</u>
                    MEENOO CHAHBAZI
                    Trial Attorney

                    <u>s/ Guy Knoller</u>
                    GUY KNOLLER
                    Trial Attorney

                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION, Phoenix District Office
                    3300 N. Central Ave., Suite 690
                    Phoenix, Arizona 85012

                    Attorneys for Plaintiff

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the Trial Attorneys.**